UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WAYNE JOHNSON,**

    **Plaintiff,**

vs.                                          Case No.

**LKQ PICK YOUR PART SOUTHEAST, LLC,**
**and KEYSTONE AUTOMOTIVE INDUSTRIES, INC.**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **WAYNE JOHNSON** ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants **LKQ PICK YOUR PART SOUTHEAST, LLC,** and **KEYSTONE AUTOMOTIVE INDUSTRIES, INC.** (collectively "Defendants") and alleges as follows:

INTRODUCTION

1. This is an action brought pursuant to the Family Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA").[1]

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this claim pursuant to 29 U.S.C. §2617 because Plaintiff was demoted in violation of the FMLA, seeks damages of more than $15,000, and all administrative prerequisites have been exhausted or excused.

3. Venue is proper in the Court because all facts material to all claims set forth herein occurred in Hillsborough County, Florida.

---

[1] Plaintiff will also be filing a charge of discrimination alleging violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq., and the Florida Civil Rights Act, Fla. Stat. §760.01, et seq. At the appropriate time, Plaintiff will seek leave to amend to including these additional claims or bring them in separate litigation.

**PARTIES**

4. At all times material to this action, Defendants were an automobile salvage business conducting business in Hillsborough County, Florida.

5. At all times material to this action, Plaintiff was an employee of Defendants pursuant to the terms of all applicable statutes and Defendants were the employer of Plaintiff pursuant to the terms of all applicable statutes.

**GENERAL ALLEGATIONS**

6. In approximately August 2010, Plaintiff began his most recent employment with Defendants.

7. Since 2015, Plaintiff had been employed by Defendants as the Plant Manager in Tampa, Florida.

8. As Plant Manager, Plaintiff received a base salary of approximately $95,000 plus a substantial annual bonus and stock and other benefits.

9. During his employment, Plaintiff has repeatedly been commended for his outstanding performance. For example, Plaintiff was a winner of the President's Club for 2015, 2016, 2017 and 2018.

10. On or about October 24, 2018, Plaintiff began leave under the FMLA due to his own serious health condition.

11. When he began his leave, Plaintiff was the Plant Manager in Tampa.

12. While on FMLA leave, on December 27, 2018, Plaintiff met with his supervisor, Jim Wagner, to discuss his return to work. During that meeting, Mr. Wagner informed Plaintiff that Defendants had hired another employee as Plant Manager because Plaintiff was out on leave.

13. Plaintiff was informed that his new position would be as a car buyer, at a significantly lower compensation.

14. Plaintiff returned to work on or about January 14, 2019.  Upon his return to work, Plaintiff was placed into a position paying significantly less than his prior role and with substantially different responsibilities.

15. Under the FMLA, when an employee returns from FMLA leave, the employee must be restored to the same job or to a job that is virtually identical to the original job in terms of pay, benefits, and other employment terms and conditions (including shift and location).

16. Plaintiff has complained about his unlawful demotion to his supervisor, Mr. Wagner, and to Joseph Correll, Human Resources Manager, but Defendants have failed to address the issue and failed to restore Plaintiff to the same or virtually identical job.

17. Under the FMLA an employer is prohibited from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right.

18. Under the FMLA an employer is also prohibited from discriminating or retaliating against an employee for having exercised or attempted to exercise any FMLA right.

19. Further, under the FMLA an employer is prohibited from discriminating in any way against any person, whether or not an employee, for opposing or complaining about any unlawful practice under the FMLA.

20. All administrative notice requirements and prerequisites have been satisfied.

21. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay the undersigned a reasonable fee for their services.

22. Plaintiff demands a trial by jury on all claims alleged herein.

## COUNT I
## DISCRIMINATION DUE TO FMLA PROTECTED LEAVE

23. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully stated herein.

24. As set forth above, Defendants discriminated against Plaintiff for taking leave that is protected by the FMLA.

WHEREFORE, Plaintiff prays that this Court award the following relief:

a) A judgment that Defendants' demotion of Plaintiff violated 29 U.S.C. §2615 of the Family and Medical Leave Act;

b) Reinstatement of Plaintiff to the same or equivalent position held before demotion with all benefits and raises reinstated or an award of front pay;

c) Compensation for lost wages, benefits, and other remuneration;

d) Liquidated damages in an additional amount equal to the sum of the actual damages plus interest;

e) Reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action;

f) Any other additional relief as the Court deems just and proper.

## COUNT II
## INTERFERENCE WITH FMLA PROTECTED LEAVE

25. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully stated herein.

26. As set forth above, Defendants interfered with, restrained, or denied Plaintiff return from leave to the same or equivalent position after he exercised or attempted to exercise his right to leave that is protected by the FMLA.

WHEREFORE, Plaintiff prays that this Court award the following relief:

a) A judgment that Defendants' demotion of Plaintiff violated 29 U.S.C. §2615 of the Family and Medical Leave Act;

b) Reinstatement of Plaintiff to the same or equivalent position held before demotion with all benefits and raises reinstated or an award of front pay;

c) Compensation for lost wages, benefits, and other remuneration;

d) Liquidated damages in an additional amount equal to the sum of the actual damages plus interest;

e) Reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action;

f) Any other additional relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests trial by jury on all issues so triable.

Respectfully submitted,

/s/ Ryan D. Barack
**Ryan D. Barack**
Florida Bar No. 0148430
rbarack@employeerights.com
Jackie@employeerights.com
**Michelle Erin Nadeau**
Florida Bar No. 0060396
mnadeau@employeerights.com
Jackie@employeerights.com
**Kwall Barack Nadeau PLLC**
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff